IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**JORGE RIVERA NOLASCO**        *
                                    *
     Plaintiff                *
                                    *
v.                                *       Civil No.: **PJM 14-3203**
                                    *
**WOK EXPRESS INTERNATIONAL**  *
**INC., et al.**                      *
                                    *
     Defendants          *

## MEMORANDUM OPINION

Jorge Rivera Nolasco has sued Wok Express International, Inc., Yingying Xiang, and Xinfu Mu (collectively, "Wok Express"), alleging violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207. Nolasco and Wok Express have now reached a settlement and ask for the Court to approve the settlement and dismiss with prejudice all claims in the Complaint. For the reasons that follow, the Court **GRANTS** the Joint Motion for Settlement (Paper No. 29), and **DISMISSES WITH PREJUDICE** this case.

### I.

#### Factual and Procedural Background

Nolasco is a resident of Maryland.  Defendant Wok Express International, Inc., doing business as Wok Express Chinese Restaurant, is a Maryland corporation.  Defendants Yingying Xiang and Xinfu Mu are the owners of Wok Express.

Nolasco alleges that he was employed by Wok Express as a cook and security agent from July 6, 2011 through June 10, 2014, and worked an average of seventy-nine hours per week.

Throughout this period, he alleges that he was paid $325.00 in cash weekly, which equates to a rate of $4.11 per hour.  Nolasco alleges that Wok Express knowingly and intentionally violated his rights under Maryland and federal law.  He alleges that he is owed approximately $59,536.13 in minimum and overtime wages and also seeks statutory damages under the MWPCL and the FLSA.

## II.

### Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement.  *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*."  *Saman*, 2013 WL 2949047, at *3 (citing *Hoffman v. First Student, Inc.*, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)).  The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Id.*  The Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23,

and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

### III.

### Bona Fide Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17.

First, the parties here dispute how many hours Nolasco actually worked each week. They also dispute the amount that he was paid weekly. Most importantly, Wok Express denies that the FLSA and MWHL apply to it, since its tax returns reflect gross sales of less than $250,000.00 for each of the years Nolasco worked there. *See Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) (citing 29 U.S.C. § 203(s)(1)(A)(ii)) ("In order for an enterprise to be 'engaged in commerce,' it must have annual gross value of sales made or business done in excess of $500,000."); Md. Code Ann., Lab. & Empl., § 3-403(a)(12) (requiring gross sales in excess of $250,000).[1] The Court in fact denied without prejudice Wok Express's Motion to Dismiss pending limited discovery regarding the annual gross sales of the business.

Accordingly, the Court finds that a *bona fide* dispute exists as to Wok Express's liability under the FLSA, whose resolution would depend on both further factual development and rulings of law.

---

[1] The MWHL has since been amended, and now requires a $400,000 threshold. During the period in question, however, the threshold was $250,000.

## IV.

<u>Fairness and Reasonableness</u>

If a *bona fide* dispute is found to exist, courts must then evaluate the fairness and reasonableness of the settlement based on the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the Settlement Agreement is a fair and reasonable compromise of the parties' *bona fide* dispute.

The case is settling at an early stage; the parties have litigated a Motion to Dismiss and engaged in some informal discovery.  Although the case is not overly complex, both parties acknowledge that Wok Express's limited resources make the possibility of full recovery of Nolasco's claims probably impossible.  Wok Express likewise acknowledges it would not have enough resources to continue any type of protracted litigation.  The Court is therefore satisfied the parties have had sufficient opportunity to evaluate their claims and defenses as to these disputed legal and factual issues and to engage in informed arms-length settlement negotiations.

Similarly, the Court finds no fraud or collusion in the proposed settlement, given the experience of Nolasco's counsel, the endorsement of settlement by counsel for both parties, and the quality of the filings submitted to date.

Finally, as to the probability of Nolasco's success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied that the settlement of his

claims is fair and reasonable under the circumstances.  Nolasco will receive $18,000.00, paid in four tranches, with $7,660.00 of that amount going to his counsel for fees and costs.

As the parties point out, there is a "strong presumption in favor of finding a settlement fair" when considering proposed FLSA settlements. *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).  "Courts have recognized a role for less-than-full-value compromise in the FLSA settlement process." *Galvez v. Americlean Svcs. Corp.*, 2012 WL 2522814, at *4 (E.D. Va. June 29, 2012).  Although Nolasco is receiving less than half of what he originally claimed for relief, there was still an outstanding question regarding whether his FLSA and MWHL claims would survive at all, since it appeared that Wok Express did not earn enough annually in gross sales to qualify for coverage under the statutes.  The Court had denied without prejudice Wok Express's Motion to Dismiss pending limited discovery on that issue.  The parties, it seems, rather than risk the continuing costs of litigation and the very real risk of losing, reached an agreement amenable to both.

Nolasco also agrees to a general waiver of claims against Wok Express. *See* Paper No. 29-1 ¶ 6.  While some courts have held that an overly broad release provision can render an FLSA agreement unreasonable if the release includes claims unrelated to those asserted in the complaint, *Saman*, 2013 WL 2949047, at *5 (citing cases), if the employee is compensated reasonably for the release executed, the settlement can be accepted, and the Court is not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *4 (D. Md. May 23, 2014). Again, when weighed against the possibility that Nolasco's claims would be dismissed in their entirety, the Court finds that the settlement reasonably compensates him for the release executed.

In sum, the Court finds this settlement reasonable in relation to the potential recovery in the case.

## V.

### Attorneys' Fees

The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane*, 2011 WL 3880427, at *3 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)). In making that assessment, courts typically use the principles of the traditional lodestar method as a guide. *Id.* (citing cases).

Traditionally, in calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a reasonable hourly rate multiplied by hours reasonably expended. *Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *6 (D. Md. May 23, 2014) (citing *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task. *See Saman*, 2013 WL 2949047, at *7; Local Rule 109.2; Appendix B to the Local Rules.

The billing records for Nolasco's counsel show that three attorneys, as well as paralegals and support staff, spent a total of 86.20 hours on this case for a total amount of $28,460.00.  This includes 37.40 hours billed by Mary C. Lombardo, Esq., admitted to the bar for more than fifteen years, at a reasonable rate between $395 and $420 an hour, 11.80 hours billed by Jonathan Lieberman, Esq., also admitted to the bar for more than fifteen years and also at a rate between $395 and $420 an hour, as well as 26.50 hours billed by Eduardo Garcia, Esq., admitted to the bar for a little over a year at a rate between $225 and $275 an hour.  *See* Paper No. 30-1, at 14 (billing records).

Ultimately, however, Nolasco's counsel agreed to reduce the attorneys' fee award to nearly a quarter of that total: $7,200 and $460 in costs.  Given the relative rates for each of the attorneys and support staff, that equates to approximately twenty-two hours of compensation.

The Court finds twenty-two hours a reasonable period of time for Nolasco's counsel to have investigated his claims, drafted a Complaint, responded to a Motion to Dismiss, and engaged in informal discovery and settlement negotiations. Accordingly, the Court finds the attorney fee award in the proposed settlement to be reasonable.

## VI.

### Conclusion

For the foregoing reasons, the Court **GRANTS** the Joint Motion for Settlement (Paper No. 29) and **DISMISSES WITH PREJUDICE** the Complaint.  A separate Order will **ISSUE**.


_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 7, 2015**